# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE SUBPOENAS TO<br>MCDERMOTT WILL & EMERY LLP,<br>TOBY H. KUSMER, and HASAN RASHID<br><br>*issued in*<br><br>VIRNETX INC. and SCIENCE<br>APPLICATIONS INTERNATIONAL<br>CORPORATION,<br><br>*Plaintiffs,*<br><br>v.<br><br>APPLE, INC.,<br><br>*Defendant.* | Case No. 14-mc-<br><br><br><br><br>Case No. 6:12-cv-855 (E.D. Tex.) |

## NONPARTY SUBPOENA RESPONDENTS' EMERGENCY MOTION TO STAY ENFORCEMENT OF, AND COMPLIANCE WITH, NONPARTY SUBPOENAS

Nonparty subpoena respondents McDermott Will & Emery LLP ("the Firm"), Toby H. Kusmer, and Hasan Rashid (collectively, "Movants"), respectfully submit this motion to stay enforcement of, and compliance with, certain nonparty deposition subpoenas served by Apple, Inc. ("Apple") in connection with *VirnetX, Inc. v. Apple, Inc.*, 6:12-cv-855 (E.D. Tex.) ("the Underlying Litigation"). In support of their motion, Movants state as follows:

1. On or about July 22, 2014, Apple served Movants with nonparty subpoenas to testify at depositions in the Underlying Litigation ("the Subpoenas"). True and accurate copies of the Subpoenas are attached hereto as <u>Exhibit A</u>. The Subpoenas request that Mr. Kusmer, Mr. Rashid, and the Firm appear to testify on September 17th, 18th, and 19th, respectively. (*Id.* at 1, 5, 9.) Apple did not attempt to communicate with Movants either before or after it served the

Subpoenas to confirm whether the Movants were available and would appear to testify on the dates specified in the Subpoenas.

2. On September 4, 2014, counsel for the Movants proactively e-mailed Apple's counsel and stated that they did not intend to appear to testify at the dates and times specified in the Subpoenas because the Subpoenas: (i) were duplicative of nonparty subpoenas served on Movants in prior related litigation; (ii) would require Movants to disclose information protected by the attorney-client privilege or the work-product doctrine; and (iii) were overly-broad and unduly burdensome. (*See* September 4, 2014 E-mail Correspondence at 3-4, attached hereto as Exhibit B.) Movants explained that Apple had previously deposed them in earlier lawsuits related to the same matters at issue in the Underlying Litigation. (*Id.*)

3. Movants requested to speak with Apple by phone the following afternoon to discuss their objections. (*Id.*) Due to scheduling conflicts, counsel for Movants and Apple were unable to speak until the following week on September 10, 2014.

4. Between September 10, 2014 and September 12, 2014, Movants and Apple spoke by telephone and exchanged correspondence on multiple occasions in an effort to reach an agreement regarding the scope of the Subpoenas and the length of the depositions. (*See* September 11, 2014 E-mail Correspondence at 1-4, attached hereto as Exhibit C.)

5. Notwithstanding their belief that the Subpoenas were improper and subject to judicial relief, counsel for Movants offered multiple proposed compromises to Apple's counsel. (*Id.* at 2-4.) In a final attempt to avoid involving the Court, Movants offered to appear for depositions that were: (i) limited in scope to topics that were not and could not have been explored during their prior depositions; and (ii) limited in length to a combined total of seven

hours. (*Id.* at 2.) Apple rejected this offer. (*Id.* at 1.) Thereafter, Movants informed Apple that they would present the dispute to the Court. (*Id.* at 1.)

6. Out of an abundance of caution, and due to Movants' and Apple's inability to reach an agreement regarding the Subpoenas, Movants file this motion to stay Movants' compliance with, and Apple's enforcement of, the Subpoenas unless and until such time that this Court issues a ruling on Movants' Motion to quash, which Movants intend to file prior to September 17, 2014. *See, e.g., Goodwin v. Boston*, 118 F.R.D. 297, 298 (D. Mass 1988).

**LOCAL RULE 37.1 STATEMENT**

7. On September 10, 2014 at 6 p.m. eastern, and on September 11, 2014 at approximately 4 p.m. and 6 p.m. eastern, counsel for Movants (Mark Altschul and Sam Myler) and counsel for Apple (David Draper) conferred by telephone to attempt to obtain a stay of compliance with the Subpoenas and to narrow the scope of the Subpoenas. (*See* Exs. B, C.) Counsel separately conferred by email attempting to obtain a stay of compliance with the Subpoenas and to narrow the scope of the Subpoenas. (*Id.*) Counsel for Movants and Apple were unable to reach an accord.

8. WHEREFORE, MOVANTS respectfully request that the Court grant its motion and stay Movants' compliance with, and Apple's enforcement of, the Subpoenas until such time that this Court issues a ruling on Movants' Motion to Quash, which Movants intend to file prior to September 17, 2014.

Dated:  September 12, 2014					Respectfully submitted,

/s/ *Matthew E. Leno*	
Matthew E. Leno
MCDERMOTT WILL & EMERY LLP
28 State Street
Boston, MA 02109-1775
T: 1 (617) 535-4000
F: 1 (617) 535-3800

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 12, 2014, I filed the foregoing document and its accompanying exhibits with the District Court for the District of Massachusetts via the Court's ECF system. I further certify that I served a file-stamped copy of the foregoing document on counsel for Apple, Inc. at the following address via electronic mail and first-class mail on September 12, 2014.

> David Draper
> Kirkland & Ellis LLP
> 601 Lexington Avenue
> New York, New York 10022
> *david.draper@kirkland.com*
> ***Attorney for Apple, Inc.***

I certify that I served a file-stamped copy of the foregoing document on counsel for Science Applications Internal Corporation and VirnetX, Inc. at the following addresses via electronic mail on September 12, 2014.

| | |
|---|---|
| Andy Tindel | Jason Dodd Cassady |
| Attorney & Counsel at Law, P.C. | Caldwell Cassady & Curry, PC |
| 112 E. Line, Suite 304 | 2010 Cedar Springs Road, Suite 1000 |
| Tyler, TX 75702 | Dallas, TX 75201 |
| *atindel@andytindel.com* | *jcassady@caldwellcc.com* |
| ***Attorney for Science Applications International Corporation*** | ***Attorney for VirnetX, Inc.*** |

                                                          /s/ *Sam P. Myler*
                                                        Sam P. Myler